THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

[Cite as State v. Jones (1978), 60 Ohio App. 2d 178.]

(No. C-780115—Decided December 6, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. Michael W. Westling,* for appellant.

PALMER, P. J. The defendant-appellant was sentenced on July 11, 1975, pursuant to his plea of guilty, to from four to twenty-five years for aggravated burglary and was given a concurrent sentence for theft. These sentences were, however, suspended and the defendant was placed on probation for a period of two years. On July 5, 1977, within the two year probation period, the duration of probation was extended for an additional year based upon a less than satisfactory compliance with the terms of probation, including his failure to pay the costs of the original proceeding and upon various failures to report to his probation officer. Within the probation term as extended, he was convicted of a felony offense, and his probation was revoked pursuant to a hearing on February 14, 1978. The sentence initially suspended was thereupon imposed, and the defendant appeals therefrom.

A single assignment of error is presented for review which, although inartfully phrased, raises the question of whether the trial court lost jurisdiction over the person of the defendant by failing to accord to the defendant those due process rights in the extension of the original term of probation required under decisions of the United States Supreme Court for probation revocation hearings. We conclude that the court did not lose jurisdiction, that it was accordingly correct in refusing to discharge the defendant from further liability under the July 11, 1975, sentences, and that it did not err in reimposing those sentences.

We note at the outset that the defendant raises no question concerning the propriety of the February 14, 1978, probation revocation hearing. He was then represented by counsel and afforded, so far as we are aware, the full panoply of required substantive and procedural rights. However, argues the defendant, he was not accorded these rights in the July 5, 1977, *extension* of probation, a deficiency which, he concludes, violated the spirit, if not the letter, of *Gagnon* v. *Scarpelli* (1973), 411 U. S. 778, and *Morrissey* v. *Brewer* (1972), 408 U. S. 471. The question appears to be one of first impression in this jurisdiction.

If the position of the defendant has any merit, it must be found elsewhere than in the applicable statute, which is concededly silent as to any specific procedural requirements for extending a term of probation. R. C. 2951.07 provides, in part:

"Probation under Section 2951.02 of the Revised Code continues for such period as the judge or magistrate determines, *and may be extended.* The total period of probation shall not exceed five years.***" (Emphasis supplied.)

Here, the record indicates that the defendant experienced certain problems during the initially imposed two year period of probation. On June 2, 1977, the defendant personally executed a form entitled "Probation Continuance," which recited:

"I hereby agree to have my probation period continued by Judge Bettmen [Klusmeier] for 1 year because I have not complied with the condition of my probation. To wit: has not paid court costs in full. Reporting has not been [indecipherable].

"Signed *Robert A. Jones*
I have signed the above
statement with the full
knowledge of the consequences."

This form was witnessed and dated by two individuals. On July 5, 1977, the entry extending the term of probation "for good cause shown" was placed of record. No formal hearing preceded the extension and entry, the trial court having before it the report and recommendation of the probation authorities and the defendant's above consent form. This procedure appears to us fully satisfactory to comply with Ohio

statutory law, and must be held unexceptionable unless a contrary result is mandated by constitutional considerations.

In *Morrissey* and *Gagnon, supra,* it was held that Fourteenth Amendment considerations mandated preliminary and final hearings at which a number of "minimum requirements of due process" (*Morrissey, supra,* at 489) must be observed in parole or probation revocation hearings. The presence of counsel may or may not be a minimum requirement depending on a variety of factors to be weighed in each case, and on a case-by-case basis. *Gagnon, supra,* at 790. The underlying theory of the decisions, according to Mr. Justice Powell speaking for the Court in *Gagnon,* was as follows:

"Even though the revocation of parole is not a part of the criminal prosecution,\* \* \* the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process.\* \* \*

"Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty. Accordingly, we hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey* v. *Brewer, supra."* *Gagnon, supra,* at 781-82. (Footnotes omitted.)

Here, of course, the extension of the term of probation from two to three years involved no loss of liberty \*; the defendant continued as before, free to pursue all lawful activities under no restraints greater than those initially imposed as conditions of his probation. The fundament for the *Gagnon* rule is simply not present here.

We note, in passing, two other considerations which are unnecessary for a determination of this appeal, but are nevertheless of interest. The first is the defendant's execution of the probation continuance form which, in the absence of anything in the record indicating the contrary, appears to have been an informed and voluntary waiver of further procedural steps, if any were indeed required. It is clear that a

---

*We are not concerned with metaphysical distinctions between walking the streets freely or walking them under conditions of probation. The loss of liberty contemplated by the *Gagnon* court was imprisonment.

probationer *can* waive procedural due process requirements, provided always that his consent is knowingly and freely given. *Anderson* v. *McMillan* (1975), 44 Ohio App. 2d 50. *Cf. Gagnon, supra,* at 790, and *Morrissey, supra,* at 490. Although an opportunity to attack this fundament to waiver was afforded the defendant, in the February 14, 1978, hearing, the issue was not raised and reliance was instead placed on the asserted necessity of counsel being present.

The final point that might be appended is wholly pragmatic, but nevertheless important. If the rule sought by the defendant were held to be the law, there is little doubt that trial courts would face strong pressure to impose the maximum five year probation term routinely, as they would unarguably have the statutory authority to do. Variations from the routine would then be in the form of *reductions* from the five year term, rather than extensions involving protracted and adversary hearings. We cannot believe that this eventuality could be viewed in any way except as detrimental to the interest of probationers.

The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

SHANNON and CASTLE, JJ., concur.