THE STATE OF OHIO, APPELLEE, *v.* SIMPSON, APPELLANT.

(No. C-800373—Decided May 20, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Timothy J. Deardorff,* for appellee.

*Mr. John K. Issenmann,* for appellant.

KLUSMEIER, J. On November 11, 1975 defendant-appellant, Hume W. Simpson, pleaded guilty to the crime of receiving stolen property. Sentence of one and one-half to five years in the Ohio Reformatory was imposed on January 9, 1976 and execution was immediately suspended with Simpson being placed on three years probation, conditioned upon his serving thirty days confinement at the

community Correctional Institution in Cincinnati. After his release from confinement Simpson reported weekly, as ordered, until August 1977. At that time his reporting became irregular until October 12, 1978, the date he last reported. On January 2, 1979 the court caused an entry to be journalized continuing Simpson's probation for an additional period of two years. Since Simpson had reported last on October 12, 1978 and his whereabouts was unknown, he was not notified of this action of the court. Thereafter the probation officer made several visits to Simpson's last known address and spoke with the adults there but never to Simpson.

On October 24, 1979 the court ordered a warrant for the arrest of Simpson as an absconder. At a hearing on May 1, 1980 Simpson was found guilty of violating the reporting condition of his probation; his probation was revoked and the original sentence of January 9, 1976 was reimposed. Simpson filed a timely notice of appeal and assigns as the single error the action of the court in revoking his probation and reimposing the previous sentence. In further exposition of the assignment Simpson contends that a trial court loses jurisdiction over the person of the defendant to extend the original period of probation unless it accords to the defendant those due process rights possessed by the defendant in connection with a probation revocation hearing.

The panoply of due process rights in probation revocation matters has been set forth by the United States Supreme Court and includes: (1) written notice of the claimed violation, (2) disclosure of evidence against the probationer, (3) op-portunity to the probationer to be heard and present evidence, and (4) the right to confront and cross-examine adverse witnesses. *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778 [71 O.O.2d 279]; *Morrissey* v. *Brewer* (1972), 408 U.S. 471. It is these rights which Simpson says should have been, but were not, accorded to him when his original probationary period was extended on January 2, 1979. Essentially this same argument was advanced in *State* v. *Jones* (1978), 60 Ohio App. 2d 178 [14 O.O.3d 140]. This court held in *Jones* that if the argument has any validity or merit it must be found other than in the statute governing the probation period, which provides that, subject to the maximum limit of five years, probation shall continue for such period as the judge determines and may be extended. R.C. 2951.07. The statute however is silent on the procedures to be followed in effecting an extension of a probationary period.[1]

In *Jones* however the probationer had signed a document agreeing to the extension of the period of his probation and acknowledging as the reason for the extended period that he had not satisfactorily complied with the conditions of his probation. Implicit in such statement is the alternative of possible arrest under R.C. 2951.08 for probation violation. That is a circumstance which does not exist in the case *sub judice*. In *Jones* the court concluded that the written consent or agreement to extending the period of probation fully complied with Ohio statutory law, and further, that the decisions of the United States Supreme Court in *Gagnon, supra,* and *Morrissey, supra,* did not mandate a contrary result on constitutional grounds. Therefore, this court in

---

[1] Cf. Leggette, An Introduction to Conditions of Probation in Ohio, 9 Cap. U. L. Rev. 639, 671, fn. 176, in which the author suggests that the procedure for extension of probation under R.C. 2951.07 is the same as that found in R.C. 2951.09, which gives the court authority, after a hearing, to "continue the probation" of a probationer arrested under R.C. 2951.08. Query: If the legislature intended "continue" and "extend" to have synonymous meaning and effect why was not the same word used in R.C. 2951.07, particularly considering the very definite dictionary difference?

*Jones* affirmed the revocation of the defendant's probation, based upon his felony conviction which occurred after the original period of his probation but during the period as extended. In *State* v. *Smith* (March 18, 1981), Hamilton App. No. C-800171, unreported, this court followed *Jones* in a case also involving a signed consent to extension of probation.

In the case *sub judice*, we address a problem which differs significantly from that addressed in *Jones*. In essence, we are confronted with a *sua sponte* extension of a period of probation without the knowledge of the probationer much less his written acknowledgment of unsatisfactory compliance with the conditions of his probation or his assent to the extension thereof.

Any constitutional right may be waived but such waiver must be knowingly, intelligently and voluntarily accomplished. There is a presumption against the waiver of constitutional rights and for a waiver to be effective it must be clearly established that there was an intentional relinquishment of a known right or privilege. *Brookhart* v. *Janis* (1966), 384 U.S. 1, 4. There is absolutely no evidence in the case *sub judice* that Simpson waived any rights. A defendant's presence is generally required at the time of sentencing. Crim. R. 43(A). Simpson was present and heard the court impose sentence and then suspend execution of that sentence and place him on probation for a period of three years. Fundamental fair play is offended when a period of probation is extended without notice to the defendant.

Although Simpson, not having reported for two and one-half months before the expiration of his original period of probation and his whereabouts being unknown, could have been declared an absconder during such original period, the fact is he was not. Had that absconding status been declared, the period of probation would have been tolled until he was again in custody. *State* v. *Howard* (October 10, 1979), Hamilton App. No. C-790349, unreported.

We find that the attempted extension of the period of probation was ineffective. Since no action was taken to institute a probation violation hearing during the period of probation the court thereafter had no jurisdiction to impose sentence. See *Miller* v. *Haskins* (1967), 12 Ohio Misc. 164 [41 O.O.2d 212].

Accordingly we reverse the trial court. The sentence imposed on May 1, 1980 is vacated and defendant is discharged from custody pursuant to such sentence.

*Judgment accordingly.*

BLACK, P.J., and KEEFE, J., concur.