Accelerated Docket JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
{¶ 2} The appellant, Aleksande Flekel, appeals from the sentences imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, Case Nos. CR-326497 and CR-410183, in which he was sentenced to nine months and eighteen months, to be served consecutively. From these sentences, this appeal follows.
{¶ 3} This matter involves two separate cases that have been consolidated for the purposes of this appeal. In Case No. CR-326497, the appellant was indicted for one count of forgery and one count of uttering in August 1995. On October 4, 1995, the appellant pled guilty to one count of forgery, and the second count of uttering was dismissed. The lower court sentenced the appellant to eighteen months in prison, but suspended the imposition of the sentence and placed him on two years probation. The appellant was to abide by the conditions of probation and pay all court and probation costs over the term of probation.
{¶ 4} A review of the record reveals that the appellant completed all of the terms of his probation, but failed to pay the probation fee, which was a condition of probation. On September 25, 1997, the lower court, sua sponte, extended the appellant's probation until November 3, 1998, or until all costs were paid in full. Despite the order of the lower court, the appellant failed to report to the probation department, and on December 12, 1997, a capias was issued by the lower court.
{¶ 5} In Case No. CR-410183, the appellant was charged with one count of felonious assault and domestic violence stemming from a dispute between the appellant and his wife. The record reveals that the appellant beat his wife causing severe facial bruises and fractures. Despite the acts of the appellant, the victim refused to appear for trial or to personally press charges against the appellant. Nevertheless, the appellant was charged, and on August 15, 2001, he pled guilty to one count of domestic violence, a felony of the fifth degree, and the count of felonious assault was dismissed.
{¶ 6} On September 5, 2001, the lower court held a sentencing hearing in Case No. CR-410183 and a probation violation hearing in Case No. CR-326497. In Case No. CR-410183, the lower court sentenced the appellant to prison for nine months. In Case No. CR-326497, the appellant pled guilty to being a probation violator, and the lower court reinstated the original sentence of eighteen months, to be served consecutive to the nine-month sentence imposed in Case No. CR-410183.
{¶ 7} The appellant now appeals these sentences and presents two assignments error for this court's review. His first assignment of error states:
 {¶ 8} I. THE LOWER COURT WAS PREDISPOSED TO SENTENCE THE DEFENDANT WITHOUT GIVING THE VICTIM AND COUNSEL AN OPPORTUNITY TO INTRODUCE MITIGATING CIRCUMSTANCES AT THE SENTENCING HEARING. THE PRESENTENCE REPORT COMPLETED BY THE PROBATION DEPARTMENT WAS INCOMPLETE AND DEFECTIVE.
{¶ 9} The appellant argues that the lower court erred in sentencing him as the presentence report did not contain a victim impact statement or a report outlining the injuries sustained by the victim in Case No. CR-410183. Additionally, the appellant argues that the lower court erred in denying the victim, the appellant's wife, the opportunity to present mitigation evidence on behalf of the appellant. For the following reasons, the appellant's first assignment of error is without merit.
{¶ 10} In Strongsville v. Cheriki (Mar. 4, 1999), Cuyahoga App. No. 73800, 1999 Ohio App. Lexis 826, this court held:
 {¶ 11} It is well established that a trial court has broad discretion in imposing a sentence on a defendant. Columbus v. Jones (1987), 39 Ohio App.3d 87. The legislature enacted R.C. 2929.22 in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. State v. Stevens
(1992), 78 Ohio App.3d 847, 851. The statutory criteria of R.C. 2929.22 do not control the trial court's discretion; rather, the criteria provides a guide in exercising sentencing discretion. State v. Wagner (1992), 80 Ohio App.3d 88.
{¶ 12} "Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." 80 Ohio App.3d at 95-96. See, also, Cleveland v. Buckley
(1990), 67 Ohio App.3d 799.
{¶ 13} A review of the sentencing hearing transcript reflects that the lower court allowed appellant's counsel, the appellant, the victim, and the probation officer to speak. The lower court inquired whether appellant's counsel had an opportunity to review the presentence report and whether counsel had any deletions or corrections to the presentence report. Specifically, counsel for the appellant stated that the presentence report was "substantially correct." Tr. 4. We note that the appellant failed to object to any of the evidence contained in the presentence report; therefore, in the absence of objection, any error is deemed to have been waived unless it constitutes plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental so that it should have been apparent to the trial court without objection. See State v. Tichon (1995),102 Ohio App.3d 758, 767. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips, 74 Ohio St.3d 72,83, 1995-OHIO-171.
{¶ 14} The appellant attempts to craft an argument by asserting that the lack of a victim impact statement or records regarding the alleged injuries of the victim in the presentence report in some way prejudiced him. This contention is wholly without merit. As noted, counsel for the appellant failed to object to the admission of the presentence report. Moreover, counsel for the appellant stated that the report was "substantially complete." The appellant's contention that a victim impact statement or record of injuries would have in some way mitigated the sentence belies reason. The lower court was clearly apprised of the injuries sustained by the victim. Specifically, at sentencing the lower court stated:
 {¶ 15} * * * When units arrived on the scene, the wife was outside with her three-year old son. She was covered in blood, bruised and swollen. Her left eye was swollen shut, her nose was bleeding and her lips were swollen and bleeding. * * * Tr. 12-13.
{¶ 16} Undoubtedly, the lower court was aware of the extent of the injuries sustained by the victim. As the sentence of nine months imposed upon the appellant in Case No. CR-410183 was within the statutory guidelines, this court finds the appellant's first assignment of error to be without merit, and not well taken.[1]
{¶ 17} The appellant's second assignment of error states:
 {¶ 18} II. THE LOWER COURT DID NOT HAVE JURISDICTION TO FIND THAT THE DEFENDANT WAS A PROBATION VIOLATOR IN CASE NO. 326497.
{¶ 19} The appellant argues that the lower court lacked jurisdiction to find him a probation violator because the capias was issued after his original two-year probation period expired, and the probation violation hearing was held more than five years after the appellant was placed on probation.
{¶ 20} On November 3, 1995, the appellant was originally sentenced to serve eighteen months as a result of a guilty plea to the charge of forgery. The imposition of the sentence was suspended, and the appellant was placed on two years probation pursuant to compliance with all terms of probation. On September 27, 1997, due to the appellant's alleged failure to comply with the conditions of probation, the lower court extended his probation until November 3, 1998, or until all costs, including probation fees, were paid in full. The record reveals that the extension of probation was on the lower court's own motion, without notice to the appellant, and without the benefit of a probation violation hearing. Thereafter, on December 12, 1997, the lower court issued a capias for the appellant due to the alleged probation violation. When the appellant was arrested in Case No. CR-410183, he was ordered held as a probation violator in Case No. CR-326497.
{¶ 21} R.C. 2951.021 deals with revocation of probation when an offender has failed to pay a monthly probation fee. Specifically, R.C. 2951.021(B)(4) states:
 {¶ 22} (4) The failure of an offender to comply with a condition of probation or of community control that requires the offender to pay a monthly supervision fee and that is imposed under division (B)(1) of this section shall not constitute the basis for a revocation of the offender's probation and the imposition of the offender's sentence under section 2951.09 of the Revised Code or the modification of the offender's community control sanctions pursuant to section 2929.15 of the Revised Code, but may be considered with any other factors that form the basis of a revocation of probation or modification of a sanction for violating a community control sanction under those sections. * * *. (Emphasis added.)
{¶ 23} A review of the record indicates that the only basis for extending the appellant's probation sua sponte, and the issuance of a capias, was due to the appellant's failure to pay the monthly supervision fee associated with the terms of his probation. R.C. 2951.021(B)(4) clearly states that failure to pay the monthly supervision fee shall not constitute the basis of revocation. As such, the lower court erred in revoking the appellant's probation and reinstating the previously imposed sentence.
{¶ 24} Moreover, there is no evidence from the record that the lower court notified the appellant that his probation had been extended. The record indicates that the lower court sua sponte extended the appellant's probation without a probation revocation hearing.
{¶ 25} The United State Supreme Court, in Gagnon v. Scarpelli
(1973), 411 U.S. 778, set forth the due process rights in probation revocation matters and includes: 1) written notice of the claimed violation, 2) disclosure of evidence against probationer, 3) opportunity for the probationer to be heard and present evidence, and 4) the right to confront and cross-examine adverse witnesses.
{¶ 26} In the instant matter, this court is confronted with a sua sponte extension of appellant's period of probation without the knowledge of the probationer or his written acknowledgment of unsatisfactory compliance with the conditions of probation. Therefore, "the attempted extension of the period of probation was ineffective. Since no action was taken to institute a probation violation hearing during the period of probation, the court thereafter had no jurisdiction to impose sentence."State v. Simpson (1981), 2 Ohio App.3d 40, 42.
{¶ 27} This court notes that the lower court could have declared the appellant an absconder during the original period of probation, but the lower court chose not to do so. Instead, the lower court sua sponte extended the period of probation without the benefit of a hearing, and only after said extension did the lower court issue a capias. Moreover the issuance of the capias fell outside the original two-year probation period. Had the lower court issued the capias during the original probation period, the period of probation would have been tolled until the appellant was again in custody.
{¶ 28} As such, the lower court's sua sponte attempt to extend the period of probation without the benefit of a hearing was in error, and the imposition of the original sentence is hereby void as the lower court lacked jurisdiction. The appellant's sentence in Case No. CR-326497 is hereby vacated, and his sentence in Case No. Cr-410183 is hereby affirmed.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND ANN DYKE, J., CONCUR.
[1] R.C. 2929.14(A)(5): [F]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.