JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by the state regarding the trial court's granting of appellee's motion to seal the record of arrest. The state's single assignment of error is that the trial court lacked jurisdiction to seal the record because appellee's case is still pending. For the reasons stated below we disagree and affirm the judgment of the trial court.
 {¶ 2} In November 1992, appellee was indicted on a charge of felonious assault with a violence specification under R.C. 2903.11, a second degree felony, after she attacked her boyfriend with a knife. An offender convicted of a second degree felony could receive an indeterminate sentence of 4-15 years in prison. On August 8,1993, the court found appellee not guilty by reason of insanity. On November 12, 1993, after the statutorily mandated hearing, the court ordered appellee be "civilly committed" to the Dayton Mental Hospital for treatment. Appellee has continued to receive treatment for the past 13 years, first at Dayton Mental Hospital, and more recently under conditional release through Recovery Resources.
 {¶ 3} In January 2005, appellee applied to the trial court to seal the record of her arrest pursuant to R.C. 2953.52. The state objected on grounds that appellee was ineligible to have her arrest record sealed because criminal proceedings were still pending against her. The state argued that the court has continuing jurisdiction over the matter until 2007, this being the date upon which the maximum sentence appellee could have received would have ended. On March 1, 2006, the court held a hearing on appellee's application. After hearing arguments from both sides, the court rejected the state's arguments and granted the motion to seal the record of appellee's arrest. The state appeals.
 {¶ 4} The revised code makes specific provisions for the sealing of official records after a finding of not guilty. R.C. 2953.52 provides in pertinent part:
 {¶ 5} "(A)(1) Any person, who is found not guilty of an offense by a jury or a court * * *, may apply to the court for an order to seal his official records in the case. * * * [T]he application may be filed at any time after the finding of not guilty * * *.
 {¶ 7} "(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
 {¶ 8} "(2) The court shall do each of the following:
 {¶ 9} "(a) Determine whether the person was found not guilty in the case * * *;
 {¶ 10} "(b) Determine whether criminal proceedings are pending against the person;
 {¶ 11} "(c) If the prosecutor has filed an objection * * * consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 12} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 {¶ 13} "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed * * *."
 {¶ 14} The trial court has considerable discretion in considering the state's objections and in determining whether the interests of the petitioner are outweighed by the legitimate governmental need to maintain the records. State v. Grove (1986), 29 Ohio App.3d 318, 320. Even if the state does not object to the petition, R.C. 2953.52(B)(2) places on the court a duty to determine if the state's interests outweigh the petitioner's interests. However, the mandate set forth in R.C. 2953.52(B)(3) makes clear that once all of the eligibility requirements are met, the court must order the records sealed.
 {¶ 15} The state's basis for appeal is that the trial court lacked jurisdiction to seal the records. While the state frames the issue as one of jurisdiction, the real issue is one of eligibility. There is no doubt that the trial court had jurisdiction to consider the application to seal the record. R.C. 2953.52(A) permits a person found not guilty to file an application to seal the records at any time after the finding of not guilty. The statute makes no mention of the underlying reason for the finding of not guilty. We agree with the First District that this provision applies to a finding of not guilty by reason of insanity. SeeState v. Schwartz, Hamilton App. No. C-040390, 2005-Ohio-3171. Appellee was found not guilty in August 1993. Under the clear wording of the statute, she could have filed an application to have her records sealed at any time after that.
 {¶ 16} R.C. 2945.401 grants the trial court continuing jurisdiction over a person found not guilty by reason of insanity until final termination of the commitment. Pursuant to R.C. 2945.401(J)(1)(a), final termination occurs upon the earlier finding that the person is no longer a mentally ill person subject to hospitalization by court order or upon the expiration of the maximum prison time that the person could have received had they been convicted of the crime for which they were found not guilty by reason of insanity. The state maintains that until appellee's commitment is finally terminated, criminal proceedings are "still pending" against her and the trial court cannot order her records sealed. We disagree.
 {¶ 17} The continuing jurisdiction of the trial court over appellee's court-ordered commitment is not a pending "criminal proceeding" for the purpose of R.C. 2953.52(B)(2)(b). Our conclusion is derived from basic principles of statutory construction. We are required to construe all words used in statutes according to their common use. See R.C. 1.42. The term "criminal proceedings" is not defined by the Revised Code. The supreme court has, however, stated that "Black's Law Dictionary (5 Ed. 1979), defines `prosecution' as `[a] criminal action; a proceeding instituted and carried on by due process of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime. * * *'" See State ex re/. Linger v. Quinn
(1984), 9 Ohio St.3d 190, 459 N.E.2d 866.
 {¶ 18} There are no proceedings pending against appellee for the purpose of determining her guilt or innocence. She is no longer charged with any crime. She is not awaiting trial. She is not in criminal jeopardy. The criminal proceedings that were pending against appellee terminated in 1993 when the court found her not guilty by reason of insanity. The trial court's continuing jurisdiction over a person acquitted of a crime by reason of insanity is civil by nature, not criminal. A finding of not guilty by reason of insanity is not a criminal conviction. State v. Tuomala, 104 Ohio St.3d 93,2004-Ohio-6239. Appellee was acquitted and "civilly committed" for treatment. When the court found appellee not guilty by reason of insanity, the criminal proceedings against her terminated. See State v.Wachtel (Aug. 29, 2000), Athens App. No. 98CA47.
 {¶ 19} Although not assigned as error in its brief, the state also argues that the trial court abused its discretion when it granted appellee's motion and ordered her records sealed. An abuse of discretion requires more than just a disagreement concerning the court's decision; to be found to have abused its discretion, the trial court's attitude had to have been arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142. The transcript of the hearing on the motion reveals that the court considered arguments from both sides. The record reflects that the trial court considered the objections to sealing the record filed by the prosecutor and the interests of the state in keeping the record open. The court considered appellee's interests in sealing the record of her arrest and found that due to appellee's progress over the years of treatment, the reduction in the level of her supervision, and her desire for better employment, that her interests were not outweighed by the legitimate needs of the government to maintain the records. There was no abuse of discretion. The state's argument is overruled.
 {¶ 20} However, we note that the court's journal entry incorrectly refers to the expungement of appellee's "conviction," and incorrectly cites R.C. 2953.32 rather than R.C. 2953.52. We therefore remand this matter to the court, pursuant to App.R. 9(E), with instructions to correct the entry to delete the reference to "conviction" and amend its order to reflect that it is sealing the record of appellee's arrest pursuant to R.C. 2953.52.
 {¶ 21} Judgment affirmed and case remanded. The clerk of the court of appeals is instructed to reseal the trial court record and to seal the court of appeals record in this case.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR