[Cite as *State v. Spohr*, 2012-Ohio-556.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110314 |
| | | TRIAL NO. 06CRB-18488-B |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| PAUL SPOHR, | : | *O P I N I O N.* |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 15, 2012

*John Cupp*, Solicitor, City of Cincinnati, *Charles A. Rubenstein*, Interim City Prosecutor, and *William T. Horsley*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Katz, Greenberger & Norton, L.L.P.*, and *Kevin R. Brewer*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} The state of Ohio appeals the judgment of the Hamilton County Municipal Court granting defendant-appellee Paul Spohr's application for the sealing of records regarding his domestic-violence acquittal. We determine that the plain language of the statutes applicable to the sealing of criminal records in Ohio prohibits the sealing of records related to Spohr's domestic-violence charge; therefore, we must reverse.

{¶2} Spohr had been charged with assault and domestic violence in 2006. The details of the events underlying Spohr's charges are not significant in resolving this appeal, as Spohr concedes that both charges had resulted from the same conduct. Spohr proceeded to a trial to the bench on both charges, where he was acquitted of the domestic-violence charge and found guilty of the lesser-included offense of disorderly conduct on the assault charge.

{¶3} In 2011, Spohr filed an application to seal the records regarding his domestic-violence acquittal only. Spohr conceded that he was not eligible to have his disorderly-conduct conviction expunged. The trial court granted Spohr's motion, and the state now appeals.

{¶4} In a single assignment of error, the state contends that the trial court acted contrary to law in granting Spohr's application for the sealing of records pertaining to the domestic-violence charge because, under the applicable statutes, Spohr's disorderly-conduct conviction operated as a bar to such sealing.

### Standard of Review

{¶5} Generally, an appellate court reviews a trial court's decision regarding a motion to expunge and seal the record under an abuse-of-discretion standard.

2

*State v. Pierce*, 10th Dist. Case No. 06AP-931, 2007-Ohio-1708, ¶ 5.  In this case, however, where the dispute as to the sealing of records involves purely a legal question, our standard of review is de novo.  *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

### *Analysis*

{¶6}    The processes for expungement of convictions and sealing of records after an acquittal or dismissal are governed by R.C. 2953.31 et seq. and R.C. 2953.51 et seq., respectively.  R.C. 2953.52(A)(1) provides as follows

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case.  Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶7}    R.C. 2953.61, specifically referenced in R.C. 2953.52, provides that

> [w]hen a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of

his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.

{¶8} Under R.C. 2953.32(A)(1), a "first offender" may apply for expungement of a conviction. A "first offender" is "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A).

{¶9} Spohr concedes that he is not a first offender, and therefore, he cannot apply for an expungement of his disorderly-conduct conviction under R.C. 2953.32(A)(1). Because his disorderly-conduct and domestic-violence charges resulted from the same actions, and the two charges had different dispositions—one resulting in a conviction and one in an acquittal—Spohr "may not apply to the court for the sealing of his record *in any of the cases* until such time as he would be able to apply to the court and *have all of the records in all of the cases* pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code." R.C. 2953.61. As already noted, however, R.C. 2953.32(A)(1) prohibits expungement of Spohr's disorderly-conduct conviction. Therefore, Spohr cannot apply to have his domestic-violence acquittal sealed under R.C. 2953.52(A)(1).

4

{¶10} Spohr contends that he is not statutorily barred from having his domestic-violence charge sealed. He argues that R.C. 2953.52(A)(1) governs the timing of the application only, not whether an offender is eligible to have a record sealed, and he further argues that R.C. 2953.52(A)(1) does not contain the same "first offender" hurdle that R.C. 2953.32 contains. Spohr concedes the applicability of R.C. 2953.61 governing two or more charges with different dispositions, but he argues that this statute only imposes an additional timing requirement, and that R.C. 2953.32(A)(1) allows for expungement of a misdemeanor conviction after one year of the offender's final discharge.

{¶11} We cannot support Spohr's interpretation of the statutory framework as such an interpretation is contrary to the unambiguous language of the applicable statutes. Although R.C. 2953.52(A)(1), the basis for Spohr's motion to seal, does not itself contain a first-offender requirement, it does require compliance with R.C. 2953.61, which in turn requires compliance with the first-offender prerequisite of R.C. 2953.32(A)(1). And R.C. 2953.32(A)(1) does not allow for the expungement of Spohr's disorderly-conduct conviction after one year because Spohr is not a first offender.

{¶12} Spohr further contends that the General Assembly's use of the phrase "would be able" in R.C. 2953.61, which provides that "the person may not apply to the court for the sealing of his record in any of the cases until such time as he *would be able* to apply to the court and have all of the records in all of the cases pertaining to those charges sealed," suggests that the General Assembly did not intend for R.C. 2953.61 to prevent the sealing of a record. If the legislature had so intended, Spohr argues, then it would have used the phrase "is eligible" instead of "would be able."

5

{¶13}  In further support of his legislative-intent argument, Spohr relies on *In re Hankins*, 10th Dist. No. 99AP-797, 2000 Ohio App. LEXIS 2072 (May 18, 2000). In *In re Hankins*, the offender had been charged with speeding and possessing an open container, resulting from the same traffic stop.  The offender had entered into a plea bargain with the state, whereby he had pleaded guilty to speeding in exchange for a dismissal of the open-container charge.  The offender later applied to have his open-container charge sealed, which the trial court denied.  On appeal, the appellate court concluded that the trial court erred in denying the application and that the offender was entitled to a new hearing.  The appellate court determined that, even though speeding was not an expungeable offense, R.C. 2953.61 did not bar the offender from applying for the sealing of records on the open-container charge because the General Assembly did not intend for R.C. 2953.61 to bar an individual from sealing a dismissed offense because of a speeding conviction.

{¶14}  The court in *Hankins* employed methods of statutory interpretation in reaching its holding, including examining uncodified legislative statements to discern legislative intent.   Unlike the *Hankins* court, we find it unnecessary to employ rules of statutory interpretation in applying R.C. 2953.61 because we determine that the language of the statute is plain and unambiguous.  *See State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12 ("When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply rules of statutory interpretation."). Thus, in interpreting the statute, we need not examine the legislature's word choice.

### *Conclusion*

{¶15} In conclusion, we determine that the plain language of Ohio's record-sealing and expungement statutes prevent the defendant in this case from applying to have the records regarding his domestic-violence acquittal sealed. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.