[Cite as *State v. Glynn*, 2016-Ohio-3230.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150474 | |
|  |  | TRIAL NO. C-04CRB-3163 | |
| Plaintiff-Appellee, | : |  | |
| vs. | : |  | |
|  |  | *O P I N I O N.* | |
|  | : |  | |
| MICHAEL GLYNN, |  |  | |
| Defendant-Appellant. | : |  | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 1, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Presiding Judge.**

{¶1} Defendant-appellant Michael Glynn appeals the decision of the Hamilton County Municipal Court denying his application to seal a criminal conviction. Because we determine that the trial court erred as a matter of law in denying Glynn's application by relying on the state's objection that a sealed conviction could not be located by other law-enforcement officials, we must reverse the decision of the trial court.

{¶2} In 2004, Glynn pleaded no contest to violating a domestic-relations protective order, a first-degree misdemeanor, after kicking the front door of his ex-wife's home, breaking the lock, and twisting his ex-wife's arm while she held their six-month-old baby. In 2015, Glynn moved to seal the record of his conviction, and the trial court held a hearing on his motion. At the hearing, the prosecutor objected to Glynn's application, in part, on the grounds that another police department or prosecutor would not know to search for the sealed conviction, and that the past conviction then could not serve to enhance a future charge.

{¶3} After a hearing, the trial court denied Glynn's request to seal his conviction based, in part, on the prosecutor's objection, and this appeal ensued.

{¶4} In three assignments of error, Glynn challenges the trial court's denial of his application to seal his criminal conviction. In general, we review a trial court's decision regarding a motion to expunge and seal a record for an abuse of discretion. *State v. Spohr*, 1st Dist. Hamilton No. C-110314, 2012-Ohio-556, ¶ 5. But, if the issue involves a purely legal question, our standard of review is de novo. *Id.*

{¶5} An eligible offender may file an application to seal records of a criminal conviction under R.C. 2953.32. The statute allows the prosecutor to file

2

objections to the application. *See* R.C. 2953.32(B). In determining whether to grant or deny the application, the trial court must then:

(a) Determine whether the applicant is an eligible offender * * *;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) [D]etermine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * against the legitimate needs, if any, of the government to maintain those records.

*See* R.C. 2953.32(C)(1).

{¶6} R.C. 2953.32 specifically allows a law-enforcement officer or prosecutor to inspect a sealed record to determine whether that sealed record could enhance a charge. *See* R.C. 2953.32(D)(1). Where a "prime reason for denying expungement [is] rooted in a misconception of the law, a court of appeals may reverse the trial court's decision denying expungment." *State v. Greene*, 61 Ohio St.3d 137, 140, 573 N.E.2d 110 (1991). Because the prosecutor's objection and the trial court's decision relied on a misconception of law, we must sustain Glynn's assignments of error. The trial court's decision is reversed and this cause is remanded with instructions to the trial court to reconsider Glynn's application pursuant to the law and this opinion.

Judgment reversed and cause remanded.

**HENDON** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.