[Cite as *State v. Blair*, 2016-Ohio-5714.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO,                   :          APPEAL NO. C-160333
                                            TRIAL NO. B-1504262A
    Plaintiff-Appellee,      :
                                            *O P I N I O N.*
  vs.                            :

AHKEYYA BLAIR,                   :

    Defendant-Appellant.     :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 9, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1} Defendant-appellant Ahkeyya Blair appeals the decision of the Hamilton County Municipal court denying her application to seal the record in a criminal case. This is a case of first impression involving the issue of what constitutes a "criminal proceeding" under R.C. 2953.32, the statute which permits the sealing of records. We find no merit in Blair's sole assignment of error, and we affirm the trial court's judgment.

{¶2} Blair was originally charged with one count of aggravated robbery with accompanying firearm specifications and one count of robbery. Following a bench trial, she was acquitted of both charges. She subsequently filed an application to have the record of that case sealed. The state objected, arguing that she still had a criminal proceeding pending against her because she was on community control for a misdemeanor conviction for menacing. The trial court denied Blair's motion on that basis, but told her that she could file another application when her community control was terminated. This appeal followed.

{¶3} In her sole assignment of error, Blair contends that the trial court erred in denying her application to seal the record. She argues that "probation" is not a sentence, and therefore, there was no pending criminal proceeding. This assignment of error is not well taken.

{¶4} Generally, an appellate court will not disturb a trial court's decision to grant or deny an application to seal records absent an abuse of discretion. *State v. Pankey*, 1st Dist. Hamilton Nos. C-110547 and C-110548, 2012-Ohio-936, ¶ 3. But where, as in this case, the dispute about the sealing of records involves a purely legal

question, we review the issue de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6; *Pankey* at ¶ 3.

{¶5} R.C. 2953.52(A) allows any person found not guilty of an offense by a jury or a court to apply to the court for an order to seal the record in the case. Upon the filing of the application, R.C. 2953.52(B) requires the trial court to set a date for a hearing and to notify the prosecutor. The prosecutor can then file an objection. R.C. 2953.52(C) requires the trial court to do several things before ruling on the application including determining "whether criminal proceedings are pending" against the applicant.

{¶6} The statute does not define "criminal proceedings." Blair argues that "probation" is a civil matter, and therefore, there is no pending criminal proceeding. Blair misapprehends the distinction between community control and probation.

{¶7} Former Ohio law allowed a court to suspend a prison sentence and grant probation as "an act of grace allowing a convict to go free on conditions and as a contract for leniency between the offender and the sentencing judge." *State v. Heinz*, ____ Ohio St.3d ____, 2016-Ohio-2814, ____ N.E.3d ____, ¶ 11. Nevertheless the offender remained subject to any conditions imposed and a breach of those conditions permitted the imposition of the suspended sentence. *Id*. Probation-revocation proceedings were not considered a stage of a criminal prosecution. *See Gangon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Heinz* at ¶ 12; *State v. Jones*, 60 Ohio App.2d 178, 180, 396 N.E.2d 244 (1st Dist.1978).

{¶8} Effective July 1, 1996, the General Assembly revised Ohio's felony-sentencing statutes and replaced probation with community control. Unlike probation, which is a period of time served during suspension of a sentence,

3

community-control sanctions are imposed as the punishment for an offense at a sentencing hearing. *Heinz* at ¶ 14. It is a part of the offender's sentence. *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, ¶ 8. The revocation of community control is an exercise of the sentencing court's criminal jurisdiction, and community-control-violation hearings are formal, adversarial proceedings. *Heinz* at ¶ 15-16. Following a community-control violation, the court sentences the offender anew. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

{¶9} Thus, a sentence of community control is part of the criminal proceedings. Because Blair was still on community control, a criminal proceeding was pending. Therefore, as a matter of law, she was not entitled to have her application to the seal the record granted.

{¶10} This case is distinguishable from *State v. Z.J.*, 8th Dist. Cuyahoga No. 87912, 2007-Ohio-552, cited by Blair. In that case, the defendant had been found not guilty by reason of insanity and had been committed to a mental hospital for treatment. The trial court granted the defendant's application to seal the records of the case, and the state appealed. The state argued that the criminal case against the defendant was still pending.

{¶11} The Eighth Appellate District rejected the state's argument, stating that the trial court's continuing jurisdiction over a person acquitted of a crime by reason of insanity "is civil by nature, not criminal." *Id.* at ¶ 18. It noted that the defendant had been acquitted and then civilly committed for treatment. "When the court found appellee not guilty by reason of insanity, the criminal proceedings against her terminated." *Id.* Community-control proceedings, on the other hand, are criminal in nature. Consequently, *Z.J.* is not dispositive of the case before us.

4

**{¶12}** Because as a matter of law Blair was not entitled to have the record sealed, the trial court did not err in overruling her application. Therefore, we overrule Blair's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HENDON** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.