[Cite as *State v. Floyd*, 2018-Ohio-5107.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170607 |
| | | C-170608 |
| Plaintiff-Appellee, | : | C-170609 |
| | | TRIAL NOS. 16CRB-26486 |
| vs. | : | C-16CRB-22620 |
| | | C-12CRB-5273 |
| ELIZABETH FLOYD, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:   Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 19, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, *Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    Elizabeth Floyd appeals the judgments of the Hamilton County Municipal Court denying her application to seal her records in three separate dismissed cases because she is currently serving a community-control sentence. Floyd asks this court to reverse the trial court's judgments and overrule our recent opinion in *State v. Blair*, 2016-Ohio-5714, 62 N.E.3d 201 (1st Dist.).  In *Blair*, we held that a defendant serving community control had a criminal proceeding pending against her, and therefore, as a matter of law was not entitled to have her record in another case sealed under R.C. 2953.52.  While we are extremely hesitant to overrule existing case law, and while we believe in the importance of precedent, we conclude that *Blair* was wrongly decided and we reluctantly overrule it.

### *Procedural Posture and Facts*

{¶2}    In September 2017, Floyd applied to seal records in three separate dismissed criminal cases.  At the time of her application, Floyd was serving a two-year community-control sanction, and was subject to a 180-day suspended jail term, following a guilty plea to endangering children in unrelated case C-16CRB-34204. Applying *Blair*, the trial court denied Floyd's application.   This appeal followed.

{¶3}    In her sole assignment of error, Floyd claims that the trial court erred in denying her application to seal the records of her dismissals.  Floyd argues that she is entitled to have her records sealed because a defendant's community-control sentence in an unrelated misdemeanor case is not a pending criminal proceeding under R.C. 2953.52.

*Standard of Review*

{¶4}   Generally, an appellate court reviews a trial court's decision regarding an application to seal records under an abuse-of-discretion standard. *State v. Spohr*, 1st Dist. Hamilton No. C-110314, 2012-Ohio-556, ¶ 5.  In this case, however, because the dispute as to the sealing of records involves a purely legal question, our standard of review is de novo.  *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

*R.C. 2953.52*

{¶5}   R.C. 2953.52 governs the sealing of records after dismissal.  For any dismissed complaint, an application may be filed at any time after dismissal.  In determining whether to seal the record, the court shall, among other things, determine whether "criminal proceedings are pending" against the person.  R.C. 2953.52(B)(2)(b).

{¶6}   In *Blair*, we examined the issue, primarily focusing on what constitutes a "criminal proceeding."   Blair was on community control for an unrelated misdemeanor at the time she sought to have her felony acquittals sealed. She argued that her "probation" was a civil matter, not a sentence, and therefore not a pending criminal proceeding. We focused on the distinction between the old "probation" and community control, concluding that a sentence of community control is a part of a criminal proceeding.  And because she was still on community control, we found that a criminal proceeding was pending.

{¶7}   In *Blair*, we did not focus on what it means for a criminal proceeding to be "pending."  As the Supreme Court of Ohio has stated:

[W]e have previously defined the word "pending" as "[b]egun, but not

yet completed; during; before the conclusion of; prior to the

3

completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is 'pending' from its inception until the rendition of final judgment."

*Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 13, quoting *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 103, 522 N.E.2d 489 (1988), quoting *Black's Law Dictionary* 1021 (5th Ed.1979); *State ex rel. Bond v. Montgomery*, 63 Ohio App.3d 728, 737, 580 N.E.2d 38 (1st Dist.1989) (a "pending" court action is "that period of time between the inception of the lawsuit and rendition of final judgment").

{¶8} Once a judgment of conviction has been entered, it is a final judgment and subject to appeal. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. Once a defendant has been found guilty and been sentenced, in other words convicted, the criminal proceeding is no longer pending. The judgment is final. While the trial court retains jurisdiction in misdemeanor cases after sentencing, R.C. 2929.25(B) and (C) and 2929.24(H), this does not mean that the criminal proceeding is still pending. If a court imposes a jail term for a misdemeanor, the court retains jurisdiction over the offender and the jail term, and may substitute a community-control sanction for any remaining portion of the nonmandatory jail term. But this jurisdiction is invoked only upon motion of the defendant, the state or the court. R.C. 2929.24(H). Similarly, if a court imposes a community-control sanction, it may modify community-control sanctions or conditions of release previously imposed, but only upon motion of the defendant, the state or the court. R.C. 2929.25(B). And any alleged violation of a community-control sanction results in the commencement of a new "proceeding" resulting in a final judgment subject to appeal. *See State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 16 (in contrast to probation violation and revocation proceedings, community-control-violation hearings are formal, adversarial

proceedings). The possibility of the exercise of this limited jurisdiction following conviction does not render the proceeding still "pending."

{¶9} Our conclusion that defendant's misdemeanor case does not remain pending even though the court retains jurisdiction is supported by other analogous scenarios where courts retain jurisdiction. For example, in domestic-relations cases, the court retains jurisdiction over certain statutorily identified matters after a final decree of divorce is journalized and subject to appeal, but the case is no longer "pending." And in civil cases, the court retains jurisdiction to enforce its judgment, even though the matter is no longer "pending." And because the case is no longer pending in these instances, the court's jurisdiction can only be invoked by motion resulting in a new proceeding.

{¶10} Finally, we note that the legislature has made a distinction between a "pending" criminal proceeding and a "final discharge" in the statutes dealing with sealing of records. *Compare* R.C. 2953.52 and 2953.32. The legislature has determined that the sealing of records after a finding of not guilty or a dismissal should be treated differently than the sealing of records after a conviction. As to the former, an application to seal may be filed at any time after the finding of not guilty or the dismissal. R.C. 2953.52. As to the latter (conviction), an application may be filed one year after the offender's "final discharge" if the conviction is a misdemeanor. R.C. 2953.32.[1] While not defined, final discharge means completion of the sentence. And for misdemeanors, this would be at the conclusion of the jail term or the community-control period. For both convictions and dismissals, however, the court must determine whether "criminal proceedings are pending." Had the legislature intended a "pending" criminal matter to include the time post-conviction when the defendant was serving her sentence, it would not have used

---

[1] R.C. 2953.32 was amended effective October 29, 2018. For purposes of our decision, the provisions remain the same.

different language in the same statute for "final discharge." Rather, it would have simply stated that a request to seal a misdemeanor conviction could be made one year after defendant's criminal proceeding was no longer pending. We find that once a sentence is imposed and the conviction is final, the criminal proceeding is no longer "pending." Rather, defendant is serving a sentence, which, when completed, is a "final discharge."

{¶11} Thus, while a defendant on community control has not been fully discharged, we hold that the criminal proceedings against her are no longer pending and she may have her records sealed, if otherwise eligible.

### Conclusion

{¶12} Therefore, we sustain the assignment of error, reverse the judgments of the trial court, and remand this matter for further proceedings.

Judgments reversed and cause remanded.

CUNNINGHAM, P.J., concurs.
MILLER, J., dissents.

MILLER, J., dissenting.

{¶13} When an earlier decision is demonstrably wrong, "it is incumbent on the court to make the necessary changes and yield to the force of better reasoning." *City of Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 6, 539 N.E.2d 103 (1989). This directive was made clear by the Ohio Supreme Court in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, where the court recognized the tension between stare decisis and questioned decisions, and adopted a test for overruling precedent. However, a clearly unsound decision ripe for overruling is not presented in the

case before us, and for that reason I respectfully dissent from the majority's decision to overrule *State v. Blair*.

{¶14} Appellant Elizabeth Floyd is currently subject to a misdemeanor community-control sanction and a suspended jail term. Misdemeanor community-control sanctions are governed by R.C. 2929.25, while misdemeanor jail terms are governed by R.C. 2929.24—both of which were rewritten effective January 1, 2004. In relevant part, R.C. 2929.25 gives a trial court two options when sentencing a misdemeanor offender to community control: (1) directly impose a sentence that consists of a community-control sanction; or (2) impose a jail term under R.C. 2929.24, suspend some or all of that sentence, and place the offender on community control. R.C. 2929.25(A)(1)(a) and (b). If a trial court sentences an offender to any community-control sanction or combination of community-control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed. R.C. 2929.25(C). Likewise, "[i]f a court sentences an offender to a jail term under [R.C. 2929.24], the sentencing court retains jurisdiction over the offender and the jail term." R.C. 2929.24(H).

{¶15} The statute authorizing the sealing of dismissals, R.C. 2953.52(A), permits "[a]ny person, who is found not guilty of an offense by a jury or a court * * * [to] apply to the court for an order to seal the person's official records in the case." Upon the filing of the application, the trial court must set a date for a hearing and notify the prosecutor. R.C. 2953.52(B)(1). The trial court is required to make several determinations before ruling on the application, including "whether criminal proceedings are pending against the person." R.C. 2953.52(B)(2)(b).

{¶16} The Ohio Revised Code does not define "criminal proceedings" or "pending." In *Blair*, we did not attempt to define the terms, but held that because a community-control sanction can be revoked upon a community-control violation, and the resulting adversarial proceedings are within the sentencing court's criminal jurisdiction, a criminal proceeding is pending for the duration of the community-control sanction. Implicit in this holding is that community control is an ongoing part of the criminal action, and the sentencing court's retention of jurisdiction over the offender for the duration of the community-control sanction keeps it pending.

{¶17} Most courts have similarly relied on the plain meaning of the terms. For instance, courts that have defined the term "criminal action or proceeding," a phrase used throughout the Ohio Revised Code, have used the dictionary-definition of the individual terms—e.g., a proceeding is the "regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment." (Internal quotations omitted.) *State v. Reynolds*, 5th Dist. Morrow No. 12-CA-6, 2012-Ohio-4363, ¶ 12, citing *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 432, 639 N.E.2d 83 (1994), *overruled on other grounds, State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598 (2016).

{¶18} The Eighth District has viewed this issue differently than our other sister courts. It has equated "criminal proceedings" with "prosecution," which is defined as "[a] criminal action; a proceeding instituted and carried on by due process of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." (Internal citations omitted.). *State v. Z.J.*, 8th Dist. Cuyahoga No. 87912, 2007-Ohio-552, ¶ 17. I would disagree with the Eighth District's choice to define the term "prosecution" instead of "proceedings." "Proceeding" is "[t]he business

8

conducted by a court or other official body; a hearing." *Black's Law Dictionary* (10th Ed.2014).

> "Proceeding" is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word "action," but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment.

*Id.*, quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure*, 3-4 (2d Ed.1899). The term includes among other things, "the enforcement of the judgment." *Id.* Thus, "criminal proceeding" is a broader term than prosecution, and is used to encompass anything on a court's docket.

{¶19} "Pending" has been defined as " '[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment.' " *McNeil v. Kingsley*, 178 Ohio App.3d 674, 2008-Ohio-5536, 899 N.E.2d 1054 (3d Dist.), citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 103, 522 N.E.2d 489 (1988), quoting *Black's Law Dictionary* (5th Ed.1979). "Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." *Id.*

{¶20} The majority opinion rejects this analysis, and in doing so rejects *Blair*. In conclusory terms and without citation, the majority determines that a criminal proceeding is no longer pending where there is a final appealable order (a guilty-finding and sentence), even where a trial court retains jurisdiction after sentencing.

{¶21} The majority reasons that in Floyd's case the potential for a community-control violation sentencing hearing is not a pending criminal proceeding because, while the sentencing court retains jurisdiction over her case, a new conviction cannot result from a community-control violation. She would simply face a second sentencing hearing pursuant to R.C. 2929.25. This argument actually concedes defeat: *Because* Floyd faces a possible additional sentencing hearing on the original conviction in case C-16CRB-34204, the case remains pending. The judgment is still being executed and is thus pending within the definition. The majority's comparison to domestic-relations cases and civil cases, which it concludes are no longer pending even though the courts retain jurisdiction over certain matters, is not persuasive and simply begs the question. Are they pending? The majority states they are not, but offers neither reasoning nor citation in support of its conclusion.

{¶22} Here, the majority concedes that a municipal court could take action to modify the sentence sua sponte. It is difficult to conclude that a case is not pending when this is true. We are not faced with an original question, but are asked to revisit a recent holding of another panel of this court. While there are arguments both ways, *Blair* was not clearly wrongly decided. *See Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 58. It should not be overturned.

{¶23} The majority also claims that the legislature made a distinction in terms in R.C. 2953.52 and 2953.32, between "criminal proceedings are pending" and "final discharge." But these terms are not used in the same context. In both statutes, the court must determine whether criminal proceedings are pending. *See* R.C. 2953.32(C)(1)(b) and 2953.52(B)(2)(b). The language pertaining to a final discharge of the case for which the applicant seeks to seal is not relevant.

**{¶24}** Because the court retains jurisdiction over Floyd for the duration of her community-control sanction, pursuant to R.C. 2929.25(C), and over the suspended jail term on the original conviction, pursuant to R.C. 2929.24(H), the case numbered C-16CRB-34204 is a pending criminal proceeding. Therefore, I would find that the trial court did not err in applying *Blair* to deny Floyd's application to seal her records, and would overrule Floyd's sole assignment of error and affirm the trial court's judgments.

Please note:

The court has recorded its own entry on the date of the release of this opinion.