THE STATE, EX REL. UNGER, PROS. ATTY., *v.* QUINN ET AL., JUDGES, COURT OF COMMON PLEAS OF STARK COUNTY.

[Cite as State, ex rel. Unger, *v.* Quinn (1984), 9 Ohio St. 3d 190.]

(No. 84-3—Decided February 14, 1984.)

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Dale T. Evans,* for relator.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.,* and *Mr. Ronald W. Dougherty,* for respondents.

*Per Curiam.* The issue before this court is whether Crim. R. 21, which permits the administrative judge of a court of common pleas to timely transfer misdemeanor cases filed therein by indictment or information to a court of record of the jurisdiction in which venue appears, is applicable to violations of R.C. 3599.091.

R.C. 3599.091, effective October 1, 1976, or subsequent to the Criminal Rules, relates to unfair campaign practices, and divisions (A) and (B) thereof detail the elements of the designated offenses. Division (C) provides for a specific procedure "[b]efore any prosecution may commence * * *." Such procedure requires that complaints be first presented to the Ohio Elections Commission which is charged with responsibility to investigate and issue findings. Where probable cause is found that a violation has occurred, division (C) requires that a copy of such findings and evidence be transmitted "* * * to the prosecuting attorney of the appropriate county. Notwithstanding any provision of Chapters 1901., 1905., 1907., and 2931. of the Revised Code, the common pleas court has exclusive original jurisdiction over prosecutions under this section."

R.C. 3599.091 thus requires a specific procedure, not only for the initial probable cause determination, but also for transmittal of findings and evidence only to the prosecuting attorney of the appropriate county, notwithstanding that other officials might well be the object of such transmittals in misdemeanor cases. The statute then grants "exclusive original jurisdiction" to the court of common pleas. Arguably, that phrase, standing alone, might mean simply that the prosecutions must originally be brought in the court of common pleas and thus, as here, be deemed to have been complied with, notwithstanding any subsequent transfer.

However, the statutory grant of exclusive original jurisdiction to the court of common pleas is immediately followed by the qualifying phrase, "over prosecutions under this section." This phrase clarifies any ambiguity that would be found in the phrase "exclusive original jurisdiction." Black's Law Dictionary (5 Ed. 1979), defines "prosecution" as "[a] criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime. * * *" Thus, the specialized procedures and the jurisdictional grant to the courts of common pleas "over prosecutions under this section" demonstrate a legislative intent that all prosecutions for violations of R.C. 3599.091 be conducted in their entirety in the same court of common pleas.

For reason of the foregoing, the writ is allowed, and the order of transfer of December 15, 1983 is hereby vacated, and respondents are ordered to proceed to trial of the underlying criminal action.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., dissent.