{¶ 39} The precise wording of the relevant statutes compels my conclusion that the state erroneously charged Block under R.C.2921.04(B). As the majority concedes, that section applies only to intimidation occurring in a "criminal action or proceeding." Neither of these terms is defined by the Revised Code. The supreme court has, however, stated that "Black's Law Dictionary (5 Ed. 1979), defines `prosecution' as `[a] criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime. * * *'" See State exrel. Unger v. Quinn (1984), 9 Ohio St.3d 190.
 {¶ 40} The majority correctly cites to authority for the proposition that juvenile court proceedings are not criminal. Indeed, every delinquency complaint filed against a juvenile states that the offending conduct is "an act that would be a crime if committed by an adult." See R.C. 2152.02(F)(1). Of course, there is a criminal component to any delinquency proceeding, hence the assurance of certain constitutional rights as outlined in State v. Walls, 96 Ohio St.3d 437,2002-Ohio-5059, at ¶ 26. Nevertheless, a juvenile charged with delinquency is not charged with committing a "crime" as that term is defined in R.C. 2930.01(A). Delinquency proceedings do not end with a determination of guilt or innocence of a crime charged. That being the case, a juvenile proceeding is not, by definition, a "criminal proceeding" for purposes of R.C. 2921.04(B). The state should have charged Block under R.C. 2921.03(A), which contains no restriction on the type of proceeding in which the intimidation occurred. I respectfully dissent.