THE STATE OF OHIO, APPELLANT, *v.* DAVIS, APPELLEE.

[Cite as *State v. Davis,* 132 Ohio St.3d 25, 2012-Ohio-1654.]

*Criminal law—Witness intimidation—R.C. 2921.04—Police investigation is not a proceeding in a court of justice for purposes of the witness-intimidation statute.*

(No. 2011-0685—Submitted January 17, 2012—Decided April 17, 2012.)

Appeal from the Court of Appeals for Montgomery County, No. 23858,

193 Ohio App.3d 130, 2011-Ohio-1280.

_____

McGEE BROWN, J.

{¶ 1} This appeal addresses when a person who has knowledge of a crime is a witness under R.C. 2921.04(B), which prohibits witness intimidation.

{¶ 2} The Second District Court of Appeals reversed the conviction of appellee, Tracy Davis, for violating R.C. 2921.04(B). Davis was indicted for witness intimidation based on a threat he made to his ex-wife after police began investigating the underlying crime but before any charges had been filed. Under these facts, the appellate court found that no "action or proceeding" existed at the time of the threat. Therefore, the victim of the threat was not a witness under R.C. 2921.04(B).

{¶ 3} As we recently explained, R.C. 2921.04(B) does not apply "when the intimidation occurred after the criminal act but prior to any proceedings flowing from the criminal act in a court of justice." *State v. Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, ¶ 10. A police investigation, without more, is not a "proceeding[ ] flowing from the criminal act in a court of justice."

Therefore, Davis's ex-wife was not a witness pursuant to R.C. 2921.04(B) at the time of the threat.[1]  Accordingly, we affirm.

*Background*

{¶ 4}   This case stems from an extended chase and altercation involving Davis and a deputy sheriff that ended when Davis drove his ex-wife's minivan within feet of the deputy sheriff, who was on foot.  The deputy fired at Davis, and was injured, while dodging the vehicle.

{¶ 5}   Davis fled the scene.  He traveled to the home of his ex-wife, where he changed out of bloodstained clothes and tried to conceal damage to the minivan from the altercation.  Davis warned his ex-wife that she should lie about the incident or he would kill her and blow up her apartment.

{¶ 6}   Davis was later apprehended and indicted on four counts: one count of felonious assault of a peace officer under R.C. 2903.11(A)(2), two counts of tampering with evidence under R.C. 2921.12(A)(1), and one count of intimidation of a witness under R.C. 2921.04(B).  After a trial, a jury found Davis guilty of one count of tampering with evidence (relating to taping over bullet holes in the minivan) and one count of intimidation of a witness, and it found Davis not guilty of the second count of tampering with evidence (relating to efforts to conceal bloodstains on his clothing).  However, a mistrial was declared with respect to the assault charge after the jury failed to reach a verdict.

{¶ 7}   The trial court sentenced Davis to two years on the tampering-with-evidence conviction and four years on the intimidation-of-a-witness conviction, to be served concurrently.  The trial court also imposed three years of postrelease control.

---

1.   The General Assembly recently amended R.C. 2921.04 and eliminated its "action or proceeding" language.  Effective June 4, 2012, R.C. 2921.04(E) will define "witness" to "mean[ ] any person who has or claims to have knowledge concerning a fact or facts concerning a criminal or delinquent act, whether or not criminal or delinquent child charges are actually filed."  2011 Sub.H.B. No. 20.

**{¶ 8}** On appeal, Davis argued that the conviction of witness intimidation was not supported by sufficient evidence and that it was against the manifest weight of the evidence. He also claimed that the conviction of tampering with evidence was against the manifest weight of the evidence.

**{¶ 9}** The Second District Court of Appeals affirmed Davis's conviction of tampering with evidence. *State v. Davis*, 193 Ohio App.3d 130, 2011-Ohio-1280, 951 N.E.2d 138, ¶ 46 (2d Dist.). The appellate court, however, vacated Davis's conviction of witness intimidation. Because "there had only been an offense reported and a police investigation initiated, there was insufficient evidence of a criminal action or proceeding to sustain a conviction for witness intimidation in violation of R.C. 2921.04(B)." *Id.* at ¶ 29. In reaching this conclusion, the appellate court relied on our decision in *Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, interpreting "criminal action or proceeding" in R.C. 2921.04(B) to require " 'proceedings flowing from the criminal act in a court of justice' " in order to convict a defendant of witness intimidation. (Emphasis omitted.) *Davis* at ¶ 29.

**{¶ 10}** The state appealed, raising one proposition of law: "A conviction for intimidation of a witness under R.C. 2921.04(B) is sustainable when the witness is threatened after law enforcement officers have commenced investigation in a case." We accepted review. 129 Ohio St.3d 1449, 2011-Ohio-4217, 951 N.E.2d 1046.

*Analysis of R.C. 2921.04(B)*

**{¶ 11}** R.C. 2921.04(B) provides:

> No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved

in a criminal action or proceeding in the discharge of the duties of the attorney or witness.

Under R.C. 2921.04(D), the offense is a third-degree felony.

{¶ 12} For the purpose of this appeal, the critical language of R.C. 2921.04(B) is "involved in a criminal action or proceeding." We recently reviewed this language. In *Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, we addressed a conflict in the appellate courts regarding the requirements for qualifying as a witness under the statute.

{¶ 13} Shortly after committing a rape, Malone threatened a person who observed the crime as it occurred. The victim had not reported the crime at the time of the threat. Because "[t]he statute requires a witness's *involvement* in a criminal action or proceeding, not his or her potential involvement," we held that the person who observed the crime was not yet a witness when she was threatened. (Emphasis sic.) *Id.* at ¶ 21. Thus, we affirmed the decision reversing Malone's conviction.

{¶ 14} In the instant appeal, the state seizes upon our remark in *Malone* that "when no crime has been reported and no investigation or prosecution has been initiated, a witness is not 'involved in a criminal action or proceeding' for purposes of R.C. 2921.04(B)." *Id.* at ¶ 30. That statement, which appears in the conclusion of the *Malone* opinion, applied the holding of the decision to the specific facts of the case. It did not alter our clear holding that "a conviction for intimidation of a witness under R.C. 2921.04(B) is not sustainable when the intimidation occurred after the criminal act but prior to any proceedings flowing from the criminal act in a court of justice." *Malone* at ¶ 10. Instead, the remark emphasized that Malone's threat occurred long before the threat victim qualified as a witness under the statute, so the statute did not apply. *Malone* stands for the proposition that a "criminal action or proceeding" under R.C. 2921.04(B) requires

the formal initiation of proceedings such as criminal charges or grand jury proceedings, not merely the investigation of the crime.

{¶ 15} In the present case, a police investigation had begun before Davis threatened his ex-wife; indeed, police awareness of the acts leading to Davis's felonious-assault charge was immediate because the victim was a deputy. But no "criminal action or proceeding" was initiated until later, when the state filed charges against Davis. Therefore, no "criminal action or proceeding" was underway at the time of the threat, and R.C. 2921.04(B) does not apply.

{¶ 16} Moreover, R.C. 2921.04(B) has not changed since we issued our decision in *Malone*; our holding in that decision remains sound. Throughout the Revised Code, " 'criminal action or proceeding' * * * indicates the involvement of a court." *Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, at ¶ 15; *see also id.* at ¶ 18 ("As demonstrated in Ohio's statutory scheme and in this court's case law, a 'criminal action or proceeding' implies a formal process involving a court").

{¶ 17} In this statute, the General Assembly has not only employed language indicating the need for court involvement, it has provided a stark contrast by pairing the witness-protection language with language explicitly protecting crime victims from intimidation immediately after a criminal act. *Compare* R.C. 2921.04(A) with (B). "A key to our analysis is the clear-cut difference between the protections afforded victims and witnesses under the statute. * * * The General Assembly in R.C. 2921.04(B) could have protected witnesses from intimidation immediately upon their witnessing a criminal act, but it did not." *Malone* at ¶ 19, 20.

{¶ 18} We do not arrive at this conclusion lightly. Threats to prospective witnesses cause real harm to the administration of justice, as we recognized in *Malone*. But we are limited by the language chosen by the General Assembly to

define the crime of witness intimidation, and we cannot apply that language to conduct outside the statute.

*Conclusion*

{¶ 19} R.C. 2921.04(B) prohibits the intimidation of a person who observes a crime after the initiation of proceedings flowing from the criminal act in a court of justice. A police investigation of a crime, without more, is not a proceeding in a court of justice, and it does not invoke the protection of R.C. 2921.04(B) for a person who observes the crime. Therefore, the Second District Court of Appeals correctly determined that insufficient evidence exists to convict Davis for witness intimidation based on his threat to his ex-wife. We affirm the decision reversing Davis's conviction under R.C. 2921.04(B).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J**., **dissenting.**

{¶ 20} Although I concurred in the predecessor case, *State v. Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, I believe that this case is different, and therefore I dissent. However, since the General Assembly has chosen to amend the statute to cover these situations, 2011 Sub.H.B. No. 20, this case will have limited impact. Potential and real witnesses to a crime will now be protected regardless of the status of any legal proceedings.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellant.

Marlow & Neuherz, L.L.C., and Brandin D. Marlow, for appellee.

_____