[Cite as *State v. Reynolds*, 2012-Ohio-4363.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| JEREMY REYNOLDS | : | Case No. 12-CA-6 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 11CR0083


JUDGMENT:        Reversed


DATE OF JUDGMENT:        September 24, 2012


APPEARANCES:

For Plaintiff-Appellee

JOCELYN STEFANCIN
60 East High Street
Mt. Gilead, OH 43338

For Defendant-Appellant

JEREMY J. MASTERS
250 East Broad Street
Suite 1400
Columbus, OH 43215

*Farmer, J.*

{¶1}    On September 8, 2011, the Morrow County Grand Jury indicted appellant, Jeremy Reynolds, on two counts of witness intimidation in violation of R.C. 2921.04. Said charges arose from threats allegedly made by appellant to Todd Blevins and Rebecca Harris.  Appellant warned them not to tell the police about his and his brother's alleged involvement in the robbery of Cynthia Griffith.

{¶2}    A jury trial commenced on November 28, 2011.  The jury found appellant guilty as charged.  By judgment entry filed December 23, 2011, the trial court sentenced appellant to an aggregate term of fifty-four months in prison.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED WHEN IT HELD THAT SUFFICIENT EVIDENCE WAS PRESENTED TO CONVICT JEREMY REYNOLDS OF WITNESS INTIMIDATION, UNDER R.C. 2921.04(B), FOR ALLEGED INTIMIDATION THAT OCCURRED AFTER A CRIME WAS REPORTED BUT BEFORE ANY COURT INVOLVEMENT FLOWING FROM THAT CRIMINAL ACT."

I

{¶5}    Appellant claims there was insufficient evidence to convict him of witness intimidation as the alleged act of intimidation did not occur while the witnesses were involved in a criminal act or proceeding (*State v. Davis,* 132 Ohio St.3d 25, 2012-Ohio-1654).  We agree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307.

{¶7} Appellant was convicted of intimidation of a witness in violation of R.C. 2921.04(B) which stated the following in effect at the time of the offense:

{¶8} "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."

{¶9} In *State v. Malone,* 121 Ohio St.3d 244, 2009-Ohio-310, ¶1, 15-18, 20-21, respectively, the Supreme Court of Ohio stated the following:

{¶10} "***The only issue that we address today is whether R.C. 2921.04(B), a witness-intimidation statute, applies to threats made before any police investigation or legal proceeding has commenced in a case. We hold that R.C. 2921.04(B) does not apply in such situations.

{¶11} "R.C. 2921.04 does not define the term 'criminal action or proceeding,' but that phrase is used throughout the Ohio Revised Code and commonly indicates the involvement of a court. For instance, R.C. 1901.26(A)(4), which addresses costs in municipal court actions, establishes, 'In any civil or *criminal action* or *proceeding,* witnesses' fees shall be fixed in accordance with sections 2335.06 and 2335.08 of the

Revised Code.'  (Emphasis added.)   R.C. 1907.31(A) provides, 'The Rules of Civil Procedure, the Rules of Criminal Procedure, and the Rules of Evidence *apply in\*\*\*criminal actions and proceedings before a county court* unless otherwise specifically provided in the Revised Code.'   (Emphasis added.)   In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 432, 639 N.E.2d 83, this court considered the meaning of the term 'criminal action or proceeding' in the context of the public-records statute.  R.C 149.43(A)(4) defines 'trial preparation record' as a record 'compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding.'  To determine the scope of the statute, this court sought to define the terms 'action' and 'proceeding':

{¶12}  " 'For "action" the definition "includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court."  [Black's Law Dictionary (6th Ed.Rev.1990) 28].  "Proceeding" is the "[r]egular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment."  Id. at 1204.'  *Steckman,* 70 Ohio St.3d at 432, 639 N.E.2d 83.

{¶13}  "In *State ex rel. Unger v. Quinn* (1984), 9 Ohio St.3d 190, 9 OBR 504, 459 N.E.2d 866, this court included 'criminal action' in defining 'prosecution' as ' "[a] criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." '  Id. at 191, 9 OBR 504, 459 N.E.2d 866, quoting Black's Law Dictionary (5th Ed.1979) 1099.

{¶14} "As demonstrated in Ohio's statutory scheme and in this court's case law, a 'criminal action or proceeding' implies a formal process involving a court.  There is no indication in R.C. 2921.04(B) that 'criminal action or proceeding' should be interpreted any way other than as it is commonly used in the Ohio Revised Code and as those words have been interpreted by this court.

{¶15} "Protection of a witness in R.C. 2921.04(B), on the other hand, is separate and is not so temporally broad—the statute applies only if the witness is already 'involved in a criminal action or proceeding.'  The General Assembly in R.C. 2921.04(B) could have protected witnesses from intimidation immediately upon their witnessing a criminal act, but it did not.

{¶16} "The statute requires a witness's *involvement* in a criminal action or proceeding, not his or her potential involvement.***"

{¶17} In *State v. Davis,* 132 Ohio St.3d 25, 2012-Ohio-1654, ¶19, decided during the pendency of this appeal, the Supreme Court of Ohio clarified *Malone* and held the following:

{¶18} "R.C. 2921.04(B) prohibits the intimidation of a person who observes a crime after the initiation of proceedings flowing from the criminal act in a court of justice.  A police investigation of a crime, without more, is not a proceeding in a court of justice, and it does not invoke the protection of R.C. 2921.04(B) for a person who observes the crime."

{¶19} The *Davis* court at ¶3, 16-17, respectively, stated the following:

{¶20} "As we recently explained, R.C. 2921.04(B) does not apply 'when the intimidation occurred after the criminal act but prior to any proceedings flowing from the

criminal act in a court of justice.' *State v. Malone,* 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, ¶10.   A police investigation, without more, is not a 'proceeding[ ] flowing from the criminal act in a court of justice.'***

{¶21} "Moreover, R.C. 2921.04(B) has not changed since we issued our decision in *Malone*; our holding in that decision remains sound.   Throughout the Revised Code, ' "criminal action or proceeding"***indicates the involvement of a court.' *Malone,* 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, at ¶15; *see also id.* at ¶18 ('As demonstrated in Ohio's statutory scheme and in this court's case law, a "criminal action or proceeding" implies a formal process involving a court').

{¶22} "In this statute, the General Assembly has not only employed language indicating the need for court involvement, it has provided a stark contrast by pairing the witness-protection language with language explicitly protecting crime victims from intimidation immediately after a criminal act. *Compare* R.C. 2921.04(A) with (B).   'A key to our analysis is the clear-cut difference between the protections afforded victims and witnesses under the statute.***The General Assembly in R.C. 2921.04(B) could have protected witnesses from intimidation immediately upon their witnessing a criminal act, but it did not.' *Malone* at ¶19, 20."

{¶23} In the case sub judice, a criminal investigation was initiated with a telephone call to the police by Cynthia Griffith on July 30, 2011 after she had been robbed at the night depository of a local bank.   T. at 160-165.   It was the state's theory that this act met the *Malone* requirement as demonstrated by the prosecutor's opening statement:

{¶24} "Those, ladies and gentlemen, are the basic facts of this case. The investigation into the armed robbery of Cynthia Griffith that occurred on July 30th, 2011 continues to this very day. It is not a completed investigation. Before I close, I want to speak with you about the elements of intimidation of a witness.

{¶25} "***

{¶26} "Fifth element, a witness and the sixth element is involved in a criminal action or proceeding.

{¶27} "The way the law is written now, if these things happened prior to the police becoming involved, prior to police involvement or knowledge of the matter, nothing would be done about it. It is a poorly written statute. But what the statute says is, if there is an official action or proceeding and that occurred when the police arrived on the scene on July 30th of 2011.

{¶28} "Be mindful that the defendant is not charged with armed robbery. That issue is still open. He is charged with intimidation of two witnesses. Now, from all the evidence that will be presented today, the State of Ohio will ask that you convict Jeremy Reynolds of knowingly making an unlawful threat of harm to Todd Blevins and Rebecca Harris. And that in doing so, he attempted to intimidate them from speaking to the police." T. at 147-149.

{¶29} And again during the prosecutor's closing argument:

{¶30} "The next element is the witness or the witnesses were involved in a criminal action or proceeding. Here you are going to have an exhibit. That exhibit is going to be that police report from July 30th, 2011 that the police officer wrote out and

began. That's when the official investigation into this matter began. That constitutes a criminal proceeding or action.

{¶31} "And the time they use is really critical here. The proceeding starts and five days later is when the threats are made. The proceeding starts and five days later. The way the law is written, if prior to police involvement the threats have been made, it wouldn't be an offense. It is a defect in the laws of the State of Ohio and it is very problematic. But here we meet that technical retirement. First, the offense, five days later the threats are made." T. at 628.

{¶32} We note a request for a bill of particulars was filed (November 17, 2011) and ordered by the trial court (November 18, 2011); however, no bill of particulars is included in the court file or noted on the docket.

{¶33} During the course of the investigation, warrants were issued on August 4, 2011 for two suspects, Todd Blevins and Rebecca Harris, for tampering with evidence possibly involved in the Griffith robbery. T. at 210.

{¶34} The state alleged that appellant intimidated Mr. Blevins and Ms. Harris on August 5, 2011. It is the state's position in its brief that the issuance of the warrants for Mr. Blevins and Ms. Harris on August 4, 2011 was sufficient to meet the definition of the intimidation statute. Unfortunately, as the opening statement and closing argument cited supra demonstrate, that was not the state's position at trial.

{¶35} Given the fact scenario argued as the "criminal action or proceeding," we find the evidence was not sufficient under the law of *Malone* and *Davis.* The fact that the police investigation was ongoing and persons were interviewed and some were

arrested for charges developed during the investigation was not sufficient to establish a criminal action or proceeding.

{¶36} The sole assignment of error is granted.

{¶37} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby reversed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.


s / Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ W. Scott Gwin_____

JUDGES


SGF/sg 905

[Cite as *State v. Reynolds*, 2012-Ohio-4363.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEREMY REYNOLDS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-6 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is reversed. Costs to appellee.


s / Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ W. Scott Gwin_____

JUDGES