Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 273} While I concur that the state proved the felony-murder specifications beyond a reasonable doubt, I would hold that the state did not present sufficient evidence to convict Gregory Osie of the R.C. 2929.04(A)(8) specification.

The R.C. 2929.0Jp(A)(8) Witness-Murder Specification

{¶ 274} The United States Supreme Court has stated that the underlying principle in capital cases is that the death penalty is reserved for a narrow category of crimes and offenders. Roper v. Simmons, 543 U.S. 551, 568-569, 125 *182 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Ohio’s statute reflects this principle by allowing a death sentence only if the state proves beyond a reasonable doubt all elements of a specification charging an aggravating circumstance. R.C. 2929.04(A) sets forth ten categories of aggravating circumstances that, if proven beyond a reasonable doubt, make an offender eligible for the death penalty.
{¶ 275} One of the categories is R.C. 2929.04(A)(8), defining the witness-murder specification:
The victim of the aggravated murder was a witness to an offense who was purposely killed to prevent the victim’s testimony in any criminal proceeding and the aggravated murder was not committed during the commission, attempted commission, or flight immediately after the commission or attempted commission of the offense to which the victim was a witness, or the victim of the aggravated murder was a witness to an offense and was purposely killed in retaliation for the victim’s testimony in any criminal proceeding.
(Emphasis added.)
{¶ 276} I cannot find that this specification was proven beyond a reasonable doubt in the case before us. The cases that the majority cites to uphold Osie’s R.C. 2929.04(A)(8) conviction were cases decided before State v. Malone, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614. In Malone, we interpreted the meaning of the statutory phrase “a criminal action or proceeding” as that term was used in a former version of the witness-intimidation statute, R.C. 2901.04(B). 146 Ohio Laws, Part I, 528. Although the witness-murder specification is in a different statute, the same analysis should be used here to understand the meaning of the words “criminal proceeding.”
The Analysis in State v. Malone
{¶ 277} Malone was charged with a violation of former R.C. 2921.04(B) as a result of making threats to a woman who had witnessed his rape of another woman. Malone did not turn on whether the victim intended to file a complaint and was prevented from filing it.
{¶ 278} Former R.C. 2921.04(B) stated:
No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an *183 attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness.
(Emphasis added.)
{¶ 279} We recognized a conflict on the following certified question:
Is a conviction for intimidation of a witness under R.C. 2921.04(B), which requires the witness to be involved in a criminal action or proceeding, sustainable where the intimidation occurred after the criminal act but prior to any police investigation of the criminal act, and thus, also prior to any proceedings flowing from the criminal act in a court of justice?
State v. Malone, 116 Ohio St.3d 1472, 2008-Ohio-153, 879 N.E.2d 781. We held that such a conviction was not sustainable. 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614, at ¶ 10.
{¶ 280} We began our analysis in Malone by citing the rule of lenity. R.C. 2901.04(A) states that “sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.” Because the term “criminal action or proceeding” was undefined in the statute, we interpreted the term to mean “a formal process involving a court.” Id. at ¶ 18. We defined the term “proceeding” as “ ‘the “[rjegular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment.” [Black’s Law Dictionary 1204 (6th Ed.Rev.1990)].’ ” Id. at ¶ 16, quoting State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 432, 639 N.E.2d 83 (1994). We concluded that because Malone made his threat before a criminal complaint had been made, a liberal construction in his favor meant that the statute could not apply. The Malone holding was reaffirmed in State v. Davis, 132 Ohio St.3d 25, 2012-Ohio-1654, 968 N.E.2d 466.
{¶ 281} We recently said in State v. Maxwell, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 162:
R.C. 2929.04(A)(8) does not require that a criminal action be pending when the defendant kills the witness. Indeed, a defendant can be charged with the witness-murder specification in situations in which no criminal proceeding has been initiated at the time the victim was murdered. State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 55. The statute requires only (1) that the victim was a witness to an offense and (2) that the purpose of killing the witness was to prevent the victim from testifying in a criminal proceeding. Id.
*184 Maxwell, however, turned on the fact that the witness had given grand-jury testimony and was killed in retaliation. We did not analyze the import of the words “criminal proceeding” in light of our discussions in Malone and Davis.
{¶ 282} In this case, there was no evidence that Osie murdered Williams in retaliation for testimony Williams had already given, and thus, the question is whether Williams was a “witness to an offense who was purposely killed to prevent the victim’s testimony in any criminal proceeding.” The evidence showed beyond a reasonable doubt that Williams intended to press charges against both Osie and Patterson and that he was killed to prevent his filing a complaint with the police. Indeed, the majority opinion focuses on this point alone, stating that “[t]o prove this specification, the state had to prove that Osie killed Williams for the purpose of preventing him from filing a criminal charge.” Majority opinion at ¶ 121. That, however, is not what the statute says.
{¶ 283} R.C. 2929.04(A)(8) does not mention that an offender must purposely kill to prevent either the filing of a complaint or the initiation of criminal charges, which the evidence shows was the motivation for Osie’s actions. Instead, the specification applies when the offender prevents the witness from testifying in criminal proceedings. The General Assembly could have chosen to create a specification that included language similar to the witness-intimidation statute, which brings within its scope “hindering]” the victim of a crime or delinquent act “in the filing or prosecution of criminal charges.” R.C. 2921.04(B)(1).[14] It did not do so.

*185
Conclusion

{¶ 284} Osie was convicted of the R.C. 2929.04(A)(8) specification because he attempted to prevent Williams from going to the police to file a complaint. This is not proof of the specification within its stated terms.
{¶ 285} I concur in the judgment insofar as it affirms Gregory Osie’s convictions on Count One, murder, and Count Two, felony-murder, as well as on the aggravating circumstances of felony-murder in the commission of aggravated robbery and aggravated burglary under R.C. 2929.04(A)(7) for the latter offense. But I would vacate the conviction of the aggravating circumstance under R.C. 2929.04(A)(8) for that offense and remand this case for resentencing.
French, J., concurs in the foregoing opinion.

. It is noteworthy that after Malone was decided, the General Assembly enacted 2011 Sub.H.B. No. 20, effective June 4, 2012, that clarified the scope of the intimidation statute by amending subsection (B) and adding subsection (E):
(B) No person, knowingly and by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, or hinder any of the following persons:
(1) The victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding;
(2) A witness to a criminal or delinquent act by reason of the person being a witness to that act;
(3) An attorney by reason of the attorney’s involvement in any criminal or delinquent child action or proceeding.
* * *
(E) As used in this section, “witness” means any person who has or claims to have knowledge concerning a fact or facts concerning a criminal or delinquent act, whether or not criminal or delinquent child charges are actually filed.
(Emphasis added.)