Miller, J., dissenting.
 

 {¶13} When an earlier decision is demonstrably wrong, "it is incumbent on the court to make the necessary changes and yield to the force of better reasoning."
 
 City of Rocky River v. State Emp. Relations Bd.
 
 ,
 
 43 Ohio St.3d 1
 
 , 6,
 
 539 N.E.2d 103
 
 (1989). This directive was made clear by the Ohio Supreme Court in
 
 Westfield Ins. Co. v. Galatis
 
 ,
 
 100 Ohio St.3d 216
 
 ,
 
 2003-Ohio-5849
 
 ,
 
 797 N.E.2d 1256
 
 , where the court recognized the tension between stare decisis and questioned decisions, and adopted a test for overruling precedent. However, a clearly unsound decision ripe for overruling is not presented in the case before us, and for that reason I respectfully dissent from the majority's decision to overrule
 
 State v. Blair
 
 .
 

 {¶14} Appellant Elizabeth Floyd is currently subject to a misdemeanor community-control sanction and a suspended jail term. Misdemeanor community-control sanctions are governed by R.C. 2929.25, while misdemeanor jail terms are governed by R.C. 2929.24 -both of which were rewritten effective January 1, 2004. In relevant part, R.C. 2929.25 gives a trial court two options when sentencing a misdemeanor offender to community control: (1) directly impose a sentence that consists of a community-control sanction; or (2) impose a jail term under R.C. 2929.24, suspend some or all of that sentence, and place the offender on community control. R.C. 2929.25(A)(1)(a) and (b). If a trial court sentences an offender to any community-control sanction or combination of community-control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28, the sentencing court retains jurisdiction over the offender for the duration of the sanctions
 imposed. R.C. 2929.25(C). Likewise, "[i]f a court sentences an offender to a jail term under [ R.C. 2929.24 ], the sentencing court retains jurisdiction over the offender and the jail term." R.C. 2929.24(H).
 

 {¶15} The statute authorizing the sealing of dismissals, R.C. 2953.52(A), permits "[a]ny person, who is found not guilty of an offense by a jury or a court * * * [to] apply to the court for an order to seal the person's official records in the case." Upon the filing of the application, the trial court must set a date for a hearing and notify the prosecutor. R.C. 2953.52(B)(1). The trial court is required to make several determinations before ruling on the application, including "whether criminal proceedings are pending against the person." R.C. 2953.52(B)(2)(b).
 

 {¶16} The Ohio Revised Code does not define "criminal proceedings" or "pending." In
 
 Blair
 
 , we did not attempt to define the terms, but held that because a community-control sanction can be revoked upon a community-control violation, and the resulting adversarial proceedings are within the sentencing court's criminal jurisdiction, a criminal proceeding is pending for the duration of the community-control sanction. Implicit in this holding is that community control is an ongoing part of the criminal action, and the sentencing court's retention of jurisdiction over the offender for the duration of the community-control sanction keeps it pending.
 

 {¶17} Most courts have similarly relied on the plain meaning of the terms. For instance, courts that have defined the term "criminal action or proceeding," a phrase used throughout the Ohio Revised Code, have used the dictionary-definition of the individual terms-e.g., a proceeding is the "regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment." (Internal quotations omitted.)
 
 State v. Reynolds
 
 , 5th Dist. Morrow No. 12-CA-6,
 
 2012-Ohio-4363
 
 ,
 
 2012 WL 4358625
 
 , ¶ 12, citing
 
 State ex rel. Steckman v. Jackson
 
 ,
 
 70 Ohio St.3d 420
 
 , 432,
 
 639 N.E.2d 83
 
 (1994),
 
 overruled on other grounds
 
 ,
 
 State ex rel. Caster v. Columbus
 
 ,
 
 151 Ohio St.3d 425
 
 ,
 
 2016-Ohio-8394
 
 ,
 
 89 N.E.3d 598
 
 (2016).
 

 {¶18} The Eighth District has viewed this issue differently than our other sister courts. It has equated "criminal proceedings" with "prosecution," which is defined as "[a] criminal action; a proceeding instituted and carried on by due process of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." (Internal citations omitted.).
 
 State v. Z.J.
 
 , 8th Dist. Cuyahoga No. 87912,
 
 2007-Ohio-552
 
 ,
 
 2007 WL 424489
 
 , ¶ 17. I would disagree with the Eighth District's choice to define the term "prosecution" instead of "proceedings." "Proceeding" is "[t]he business conducted by a court or other official body; a hearing."
 
 Black's Law Dictionary
 
 (10th Ed.2014).
 

 "Proceeding" is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word "action," but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment.
 

 Id.
 

 , quoting Edwin E. Bryant,
 
 The Law of Pleading Under the Codes of
 

 Civil Procedure
 
 , 3 - 4 (2d Ed.1899). The term includes among other things, "the enforcement of the judgment."
 

 Id.
 

 Thus, "criminal proceeding" is a broader term than prosecution, and is used to encompass anything on a court's docket.
 

 {¶19} "Pending" has been defined as " '[b]egun, but not yet completed; during;
 

 before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment.' "
 
 McNeil v. Kingsley
 
 ,
 
 178 Ohio App.3d 674
 
 ,
 
 2008-Ohio-5536
 
 ,
 
 899 N.E.2d 1054
 
 (3d Dist.), citing
 
 Van Fossen v. Babcock & Wilcox Co.
 
 ,
 
 36 Ohio St.3d 100
 
 , 103,
 
 522 N.E.2d 489
 
 (1988), quoting
 
 Black's Law Dictionary
 
 (5th Ed.1979). "Thus, an action or suit is 'pending' from its inception until the rendition of final judgment."
 

 Id.
 

 {¶20} The majority opinion rejects this analysis, and in doing so rejects
 
 Blair
 
 . In conclusory terms and without citation, the majority determines that a criminal proceeding is no longer pending where there is a final appealable order (a guilty-finding and sentence), even where a trial court retains jurisdiction after sentencing.
 

 {¶21} The majority reasons that in Floyd's case the potential for a community-control violation sentencing hearing is not a pending criminal proceeding because, while the sentencing court retains jurisdiction over her case, a new conviction cannot result from a community-control violation. She would simply face a second sentencing hearing pursuant to R.C. 2929.25. This argument actually concedes defeat:
 
 Because
 
 Floyd faces a possible additional sentencing hearing on the original conviction in case C-16CRB-34204, the case remains pending. The judgment is still being executed and is thus pending within the definition. The majority's comparison to domestic-relations cases and civil cases, which it concludes are no longer pending even though the courts retain jurisdiction over certain matters, is not persuasive and simply begs the question. Are they pending? The majority states they are not, but offers neither reasoning nor citation in support of its conclusion.
 

 {¶22} Here, the majority concedes that a municipal court could take action to modify the sentence sua sponte. It is difficult to conclude that a case is not pending when this is true. We are not faced with an original question, but are asked to revisit a recent holding of another panel of this court. While there are arguments both ways,
 
 Blair
 
 was not clearly wrongly decided.
 
 See
 

 Galatis
 
 ,
 
 100 Ohio St.3d 216
 
 ,
 
 2003-Ohio-5849
 
 ,
 
 797 N.E.2d 1256
 
 , at ¶ 58. It should not be overturned.
 

 {¶23} The majority also claims that the legislature made a distinction in terms in R.C. 2953.52 and 2953.32, between "criminal proceedings are pending" and "final discharge." But these terms are not used in the same context. In both statutes, the court must determine whether criminal proceedings are pending.
 
 See
 
 R.C. 2953.32(C)(1)(b) and 2953.52(B)(2)(b). The language pertaining to a final discharge of the case for which the applicant seeks to seal is not relevant.
 

 {¶24} Because the court retains jurisdiction over Floyd for the duration of her community-control sanction, pursuant to R.C. 2929.25(C), and over the suspended jail term on the original conviction, pursuant to R.C. 2929.24(H), the case numbered C-16CRB-34204 is a pending criminal proceeding. Therefore, I would find that the trial court did not err in applying
 
 Blair
 
 to deny Floyd's application to seal her records, and would overrule Floyd's sole assignment of error and affirm the trial court's judgments.